

<div style="text-align:right; border:1px solid red;">
Memo Endorsed<br>
*See Page 3*
</div>

OFFICE OF THE DISTRICT ATTORNEY
WESTCHESTER COUNTY

**MIRIAM E. ROCAH**
**DISTRICT ATTORNEY**

WESTCHESTER COUNTY COURTHOUSE
111 Dr. Martin Luther King, Jr. Blvd.
White Plains, New York 10601 (914) 995-3414

## **LETTER MOTION**

March 7, 2022

Honorable Judith C. McCarthy, U.S.M.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

        Re: *Wilkinson v Collado*
           22-CV-1702-CS-JCM
           Motion to dismiss for failure to state claim

Dear Judge McCarthy:

  This Office represents the Respondent in the above-captioned matter. Respondents move, by letter motion, for an Order of this Court dismissing the petition for failure to state a claim pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6). Alternatively, Respondents move pursuant to Rule 12(e) for a more definite statement.

  To the extent that they are not inconsistent with the "Rules Governing Section 2254 Cases in the United States District Courts," the Federal Rules of Civil Procedure – including Rule 12(b)(6) – apply to habeas petitions. *Williams v. Breslin*, 274 F.Supp. 2d 421, 424 (S.D.N.Y. 2003); *see also Tripathy v. Schneider*, 473 F.Supp. 3d 220, 225 (W.D.N.Y. 2020). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal for "failure to state a claim upon which relief can be granted."

  On August 11, 2015, Petitioner was convicted, in Westchester County Court, of murder in the second degree, among other crimes, and sentenced to an aggregate term of imprisonment of 32 years to life.

By counseled brief dated May 24, 2017, Petitioner appealed his judgment of conviction, raising six discrete claims of error. Respondent submitted an opposition brief, to which Petitioner submitted a counseled reply brief raising five claims (some of which were raised in his initial counseled brief, and others of which were made in response to the Respondent's Brief). Thereafter, on December 17, 2018, Petitioner submitted a *pro se* Supplemental Brief raising four claims, only some of which overlapped with the claims raised in his counseled briefs. Respondent submitted a Supplemental Brief responding to Petitioner's *pro se* arguments.

On July 8, 2020, the Supreme Court, Appellate Division, Second Department, affirmed judgment of conviction, except to the extent the court modified the sentence imposed upon the conviction of burglary in the first degree to run concurrently with the sentence imposed on the conviction of assault in the second degree. *People v. Wilkinson*, 185 A.D.3d 734 (2d Dep't 2020). On March 17, 2021, the New York Court of Appeals denied leave to appeal. *People v. Wilkinson*, 36 N.Y.2d 1101 (2021).

By Petition dated February 8, 2022, Petitioner now moves for habeas relief. However, he sets forth no claims in his petition. He fails to lists the grounds he wishes to raise, merely writing on the form "see brief attached" in response to grounds one to four. *See Petition* at 6,8,9,11. He attaches five state court briefs (two counseled Appellant's Briefs, one *pro se* Appellant's Brief, and two Respondent's Briefs), and does not indicate to which of the five briefs or numerous claims asserted among them he is referring, nor does he set forth any "Supporting facts" in support of any claim, which might identify them. *See Petition* at 6,8,9,11. Moreover, he appears to raise only four claims (he does not attach any additional pages, as directed if a petitioner wishes to raise more than four grounds, *see Petition* at 6, ¶ 12), ignoring that the attached briefs raise substantially more than four claims.

Even reading the petition liberally and affording all benefits to Petitioner, who is proceeding *pro se* (*Graham v. Henderson*, 89 F.3d 75, 79 [2d Cir. 1996]), Respondents cannot ascertain what claims Petitioner means to raise in this Court, and therefore, to what claims Respondent should respond. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding, to defeat a Rule 12[b][6] motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level"). Accordingly, Respondents respectfully request that the Court dismiss the petition pursuant to Rule 12(b)(6). *See Garcia v. Superintendent of Great Meadow Corr. Fac.*, 841 F.3d 581 (2d Cir. 2016).

Alternatively, should the Court wish to grant Petitioner an opportunity to correct his submissions because he is proceeding *pro se* (*see Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 795 [2d Cir. 1999]), Respondents move pursuant to Rule 12(e) for a more definite statement, or for Rule 12(b) for dismissal with leave to re-plead.

Since Petitioner is incarcerated, Respondents have not sought his position on this request.

Thank you for your consideration of this matter.

                                                 Respectfully Submitted,

                                                 MIRIAM E. ROCAH
                                                 DISTRICT ATTORNEY

                                                 Shea Scanlon Lomma
                                                 Assistant District Attorney

**SO ORDERED:**

The Court denies Respondent's motion to dismiss and motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(b) and (e). (Docket No. 10 at 1-2). Respondent complains that the Petition for habeas relief "set[s] forth no claims" because it attaches Petitioner's state court briefs and "does not indicate to which of the five briefs or numerous claims asserted among them he is referring." (*Id.* at 2). However, a *pro se* petitioner's habeas claims must be construed liberally. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008). Moreover, "[t]echnical pleading errors by pro se habeas petitioners must be forgiven where . . . no prejudice results." *Irizarry v. Ercole*, No. 08-CV-5884 (KMK) (PED), 2009 WL 3151358, at *2 (S.D.N.Y. Sept. 30, 2009); *see, e.g.*, *Grant v. Berbary*, No. 99 Civ. 12017 (LAK)(THK), 2002 WL 33985139, at *2 (S.D.N.Y. Jan. 22, 2002) (construing petition to raise "the same three issues that were raised in the Appellate Division" where petition form referred to attached exhibits and briefs rather than stating the grounds on which petitioner sought relief). Although the form petition does not list any specific grounds for relief, it expressly references numerous attachments, including Petitioner's state court papers, which clearly assert at least six claims. (*E.g.*, Docket No. 2 at 2, 3, 5, 7, 8, 10, 23). Thus, the authority Respondent cites noting that habeas petitions may sometimes be dismissed as "indecipherable," is inapposite. (*See* Docket No. 10 at 2) (citing *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581 (2d Cir. 2016)). Moreover, Respondent has not articulated any prejudice that will result from consideration of Petitioner's arguments before the state courts. Accordingly, Respondent's request is denied. The Clerk is respectfully requested to mail a copy of this Order to the *pro se* Petitioner and close the pending motion (Docket No. 10).

If Petitioner does not have access to cases cited herein that are available only by electronic database, then he may request copies from Respondent's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

_____ 3-8-22
JUDITH C. McCARTHY
United States Magistrate Judge

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK              )
                               : ss.:
COUNTY OF WESTCHESTER)

DEBORAH TRIMARCHI, being duly sworn, deposes and says that on the 7th day of March 2022, she served one (1) copy of this *LETTER MOTION* upon: KEITH WILKINSON, DIN 11A1608, Shawangunk Correctional Facility, PO Box 700, Wallkill, New York 12589 by enclosing a true copy in a securely sealed postpaid wrapper and depositing same in a Post Office Box regularly maintained by the United States Government in the City of White Plains, New York.

Deponent further states that the party named above is the petitioner herein and his last known address, from papers served upon this Office, is as stated above.

Deponent is over the age of 18 years.

Sworn to before me this 7th
day of March 2022

_____
Notary Public
KIM JEFFREY
Notary Public, State of New York
No. 01JE6304495
Qualified in Westchester County
Commission Expires May 27, 2022