UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

KEITH WILKINSON,

                      Petitioner,

      -against-                                        **ORDER**

JAIFA COLLADO, Superintendent,                22 Civ. 1702 (CS)(JCM)

                      Respondent.

-------------------------------------------------------------X

       Presently before the Court is petitioner Keith Wilkinson's ("Petitioner") request for *pro bono* counsel, dated March 23, 2022. (Docket Nos. 12, 13).  Respondent Jaifa Collado ("Respondent") opposed the request on March 28, 2022, (Docket No. 15), and Petitioner replied on April 6, 2022, (Docket No. 16).  For the reasons set forth below, the Court denies Petitioner's request.

       Whereas a habeas petitioner has no constitutional right to counsel, the Court has discretion to appoint counsel to any person "seeking relief" under 28 U.S.C. § 2254 "[w]henever . . . the interests of justice so require and such person is financially unable to obtain representation." *Padilla v. Artuz*, No. 07 Civ. 5957 (DAB) (DF), 2008 WL 126599, at *1 (S.D.N.Y. Jan. 4, 2008) (quoting 18 U.S.C. § 3006A); *see also Newton v. McAuliffe*, No. 09 Civ. 9818 (JGK), 2010 WL 2267395, at *1 (S.D.N.Y. May 27, 2010).[1]  In exercising its discretion, the Court must make two initial inquiries:  (i) whether Petitioner can afford counsel; and, if not, (ii) whether the merits of the case and Petitioner's position "seem[] likely to be of substance." *Massey v. Greinal*, 164 F. Supp. 2d 377, 378 (S.D.N.Y. 2001) (quoting *Hodge v. Police Officers*,

---

[1] If Petitioner does not have access to cases cited herein that are available only by electronic database, then he may request copies from Respondent's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

802 F.2d 58, 61–62 (2d Cir. 1986)) (internal quotations omitted).  Only after making these initial findings may the Court "consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citing *Hodge*, 802 F.2d at 61–62).

As an initial matter, the Court granted Petitioner's application to proceed *in forma pauperis* on March 2, 2022. (Docket No. 3).  Thus, Petitioner has already demonstrated that he is indigent and cannot afford counsel. *See Martinson v. U.S. Parole Com'n*., No. 02 Civ. 4913 (DLC)(DF), 2004 WL 203005, at *3 (S.D.N.Y. Feb. 2, 2004).  As for the likely substance of Petitioner's claims, the Court finds that on the face of the Petition,[2] at least one of the claims asserted by Petitioner may have merit.

Nevertheless, the Court is not persuaded that appointment of counsel is warranted at this juncture.  Petitioner has thoroughly litigated this case without the assistance of counsel—filing the instant Petition and several *pro se* submissions before the state courts, one of which was successful. (Docket No. 2; *see, e.g.*, Docket Nos. 15 at 2-3; 17 at 27-29; 18-26).  Petitioner's

---

[2] To the extent Petitioner argues he is entitled to counsel to pursue claims not yet properly litigated in state court or not listed in the Petition—including (1) the same ineffective assistance claim rejected as *dehors* the record on Petitioner's second direct appeal; (2) prosecutorial misconduct; and (3) vindictive sentencing, (*compare* Docket No. 13 at 1 n.1, 4, 8-10, *with* Docket No. 2 at 217); *see also People v. Wilkinson*, 127 N.Y.S.3d 496, 501 (2d Dep't 2020), *leave to appeal denied*, 36 N.Y.3d 1101 (2021)—the Court agrees with Respondent that these claims are unexhausted, (Docket No. 15 at 3, 5-6). *See generally Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001).  As a result, these claims are not of sufficient "substance" to warrant the appointment of counsel at this stage. *See Fleming v. New York*, No. 06 Civ. 15226(RJH)(HBP), 2007 WL 4326603, at *1 (S.D.N.Y. Dec. 3, 2007) (declining to appoint counsel where "majority" of claims were unexhausted); *Sanchez v. Sullivan*, No. 88 CIV. 0541 (MJL), 1989 WL 58484, at *2 (S.D.N.Y. May 23, 1989) (denying application for *pro bono* counsel "because given the mix of exhausted and unexhausted claims, the petition [wa]s not 'likely to be of substance,' and thus he d[id] not meet one of the threshold requirements for receiving court-appointed counsel").  For this reason, the Court declines Petitioner's request to review *in camera* his appellate counsel's correspondence detailing an unexhausted prosecutorial misconduct argument. (*See* Docket No. 13 at 9-10 & n.4).  If Petitioner wishes to move this Court to hold his Petition in abeyance so that he may exhaust these claims in state court, he must do so in a separate application.

evident ability to gather relevant facts and advocate on his own behalf "weigh[s] against a finding . . . that appointment of counsel is necessary for justice to be served." *See Martinson*, 2004 WL 203005, at *3 ("Petitioner, proceeding *pro se*, has managed, to date, to present his claim clearly, reply in an articulate manner to the Government's opposition, and move the Court successfully with respect to two evidentiary issues."); *Ramirez v. Attorney Gen.*, No. 99 Civ.1909 (BSJ) (RLE), 1999 WL 893467, at *2 (S.D.N.Y. Oct. 18, 1999) (denying petitioner's application for counsel because he had "reasonably presented his arguments in his habeas petition and ha[d] submitted extensive *pro se* supplemental briefs . . . ."). Furthermore, the Petition relies heavily on appellate counsel's arguments before the Appellate Division, Second Department ("Appellate Division"). (Docket No. 2 at 5, 7-8, 10, 16-259). Because Petitioner has "had the benefit of an appellate attorney's brief before the Appellate Division . . . he has been able to write his petition articulately." *Bravo v. Miller*, No. 03 Civ. 4831 (BSJ)(DFE), 2003 WL 22004882, at *1 (S.D.N.Y. Aug. 25, 2003). Moreover, Petitioner has not "made any showing of special circumstances that warrant the appointment of counsel in his case." *See Ross v. Brown*, No. 09 Civ. 5737 (PKC)(DF), 2010 WL 3154561, at *3 (S.D.N.Y. Apr. 3, 2010) ("Petitioner has not, for instance, claimed to have any language difficulties or mental health problems[.]"). Nor does the Petition raise any claims that are so complex or unique that an attorney's involvement would be particularly helpful. *See id.*

In addition, at this preliminary stage, it does not appear that this is a case that requires an evidentiary hearing or any investigation beyond the record already before the Court. *See Velazquez v. Edwards*, No. 00 Civ. 8784 (LAK)(RLE), 2004 WL 3030057, at *2 (S.D.N.Y. Dec. 30, 2004) ("If no evidentiary hearing is necessary, the appointment of counsel is not warranted."). Petitioner argues that he is entitled to an attorney to help him obtain various

transcripts from the state court proceedings. (Docket No. 13 at 1 n.1, 2-4, 8).  However, Respondent provided sealed copies of these records as attachments to its opposition on April 29, 2022. (Docket No. 19).  Therefore, the Court can review them to the extent they relate to the claims raised in the Petition, and this issue is moot. *See supra* n.2.  Moreover, although Petitioner has limited access to these records pursuant to a March 2, 2018 order by the Appellate Division (the "Order"), that Order permits Petitioner to review them in the presence of his appellate counsel from the state court proceedings, (Docket No. 18-14)—with whom he appears to be in regular contact, (Docket No. 13 at 9-10).  Petitioner does not explain how assignment of counsel in this action for the purpose of reviewing these same materials would meaningfully advance his ability to present his case under these circumstances.[3]

Construing his arguments liberally, Petitioner further contends that this case requires counsel to conduct unspecified discovery and cross-examination based on "credibility and conflict issues" stemming from his ineffective assistance and right to counsel claims. (Docket No. 13 at 4).  However, as explained, Petitioner's ineffective assistance claim is unexhausted. *See supra* n.2.  As to Petitioner's additional arguments, "conclusory and unsupported allegations do not provide a basis . . . to find that an attorney is needed to assist [a *habeas* petitioner] in investigating the facts to support his claim." *See Hill v. West*, No. 04-CV-6601(CJS)(VEB), 2007 WL 1791188, at *1 (W.D.N.Y. June 20, 2007).  Furthermore, *habeas* petitioners are "not entitled to discovery as a matter of ordinary course," *Bracy v. Gramley*, 520 U.S. 899, 904 (1997), but rather, may be granted discovery in the exercise of judicial discretion and "for good cause shown," *see* Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  Absent any explanation why Petitioner has the requisite good cause for discovery or

---

[3] Furthermore, Petitioner's appellate counsel may be able to assist him in moving to lift that Order in state court now that his second direct appeal is concluded. (*Cf.* Docket No. 17 at 26-27, 32).

why cross-examination is needed, these allegations are insufficient. *See Hill*, 2007 WL 1791188, at *1. Because this case requires only the determination of legal issues, which are set forth in the parties' written submissions, "no factual investigation, cross-examination, or elaborate presentation of proof is necessary." *See Velazquez*, 2004 WL 3030057, at *2; *see also Newton v. Coombe*, No. 97CIV.2951(BSJ)(RLE), 1998 WL 418923, at *2 (S.D.N.Y. July 23, 1998). Consequently, the interests of justice do not require appointment of counsel. *See Carmona*, 243 F.3d at 632.

Accordingly, Petitioner's application is denied with leave to renew should circumstances change. The Court will *sua sponte* appoint counsel if its further review of this matter demonstrates that appointment is justified. *See Person v. Ercole*, No. 08 Civ. 7532 (LAP)(DF), 2009 WL 855758, at *3 (S.D.N.Y. Mar. 26, 2009). The Clerk of the Court is respectfully requested to terminate the pending application (Docket No. 12) and mail a copy of this Order to the *pro se* Petitioner.

Dated:   May 4, 2022
         White Plains, New York

                                        **SO ORDERED:**

                                        _____
                                        JUDITH C. McCARTHY
                                        United States Magistrate Judge