UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

KEITH WILKINSON,

                                    Petitioner,

                        -against-                                          **ORDER**

JAIFA COLLADO, Superintendent,                                    22 Civ. 1702 (CS)(JCM)

                                    Respondent.

----------------------------------------------------------------X


The Court is in receipt of petitioner Keith Wilkinson's ("Petitioner") renewed request for

*pro bono* counsel and for an extension of time to file his reply, dated May 4, 2022. (Docket No.

21).  Respondent Jaifa Collado ("Respondent") opposed the request on May 13, 2022, (Docket

No. 23), and Petitioner replied on May 15 and 22, 2022, (Docket Nos. 24; 25).

Petitioner's renewed request for *pro bono* counsel is denied.  Petitioner has not identified

any change in circumstances that would warrant appointment of counsel under *Carmona v. U.S.*

*Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).  As the Court previously explained,

Petitioner's limited access to transcripts is an insufficient basis for this relief. (Docket No. 20 at

3-4).  Petitioner was present at his own trial, and thus, is perfectly capable of relying on his

memory to dispute Respondent's rendition of those proceedings on reply. *Cf. Crewe v. Capra*, 15

Civ. 5868 (CS)(PED), 2017 WL 9534746, at *4 (S.D.N.Y. Mar. 13, 2017), *report and*

*recommendation adopted*, 2017 WL 2712796 (S.D.N.Y. June 23, 2017) ("[I]n this circuit an

indigent habeas petitioner is not ordinarily entitled to a free copy of the transcript of his trial.")

(citing *U. S. ex rel. Buford v. Henderson*, 524 F.2d 147, 153 (2d Cir. 1975)).[1]  Furthermore, these

---

[1] If Petitioner does not have access to cases cited herein that are available only by electronic database, then he may
request copies from Respondent's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se
litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were
not previously cited by any party.").

-2-

records have been provided to the Court under seal.  Therefore, the Court can conduct a thorough, independent review thereof to ensure the veracity of Respondent's allegations.

Petitioner argues that he should be able to review the transcripts because the sensitive information therein—*i.e.*, the names of prosecution witnesses that Respondent alleges he could potentially harm as retribution for their testimony—is already accessible through Respondent's unsealed filings. (Docket No. 25).  However, mere mention of these names in Respondent's papers is a far cry from a word-for-word transcript of the testimony itself, which could be distributed to other inmates where Petitioner is incarcerated to coordinate further witness attacks. (*See* Docket No. 23 at 3).  Thus, the Court will not disturb the Appellate Division's ruling or appoint counsel on this basis.

Accordingly, Petitioner's renewed application for *pro bono* counsel is denied.  However, the Court grants Petitioner an extension to file his reply until July 21, 2022.  The Clerk of the Court is respectfully requested to terminate the pending application (Docket No. 21) and mail a copy of this Order to the *pro se* Petitioner.

Dated:   June 6, 2022
         White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge